**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| GREGORY LASKY, et al.,  :  | CIVIL ACTION NO. 09-1717 (MLC) |
| Plaintiffs,  : | **MEMORANDUM OPINION** |
| v.  : |  |
| BOROUGH OF HIGHTSTOWN,  : |  |
| Defendant.  : |  |

**THE COURT** having ordered the defendant to show cause why the action should not be remanded to state court as being removed in an untimely manner under 28 U.S.C. §§ ("Sections") 1446 and 1447 (dkt. entry no. 4, Order to Show Cause); and the defendant having removed this action under Section 1331, as the plaintiffs asserted a claim under the Americans with Disabilities Act ("ADA") (dkt. entry no. 1, Rmv. Not. & Compl.); but

**THE PLAINTIFFS** now filing an Amended Complaint that (1) deletes the ADA claim, (2) seeks relief under state law only, and (3) specifically asserts that "Plaintiffs' demand is less than $75,000.00" (dkt. entry no. 2, Am. Compl. at 1); and the defendant now asserting that:

> it appears the plaintiffs rendered [the Order to Show Cause] moot by filing an Amended Complaint . . . which abandons the claims under the [ADA] earlier pled in the original Complaint.  Additionally . . . the Amended Complaint indicates that "plaintiff's demand is less than $75,000."  This morning I emailed plaintiff's counsel to request that he confirm via formal letter to me that if

> and when the case is remanded, the plaintiffs will file
> this "First Amended Complaint" in state court within 10
> days. Assuming that I will receive such formal letter as
> requested, because it will (i) confirm the abandonment of
> claims under the ADA; and (ii) cap plaintiffs' damages
> in Superior Court at $75,000, I have no objection to an
> Order remanding the matter to Superior Court

(dkt. entry no. 5, Def. Resp.); and

**IT APPEARING** that the Court need not await the plaintiffs' response, as "an amended complaint supersedes the original complaint", Pac. Bell Tel. Co. v. Linkline Commc'ns, 129 S.Ct. 1109, 1122 n.4 (2009); see Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) (stating amended complaint supersedes original complaint in providing blueprint for lawsuit's future course); and it appearing that the Court now lacks subject-matter jurisdiction under (1) Section 1331, as the ADA claim has been withdrawn, and (2) Section 1332, as, inter alia, the requisite amount in controversy under Section 1332(a) is not present;[1] and

---

[1] There also appears to be a lack of complete diversity of citizenship, as (1) the plaintiff Advocates For Disabled Americans is deemed to be a New Jersey citizen, as it is allegedly incorporated in New Jersey (Am. Compl. at 1), and (2) the defendant municipality is deemed to be a New Jersey citizen. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading "statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants"); City of Dawson v. Columbia Ave. Saving Fund, Safe Deposit, Title, & Trust Co., 197 U.S. 178, 180 (1905) (stating municipality deemed to be citizen of state in which it is located when addressing jurisdiction based on citizenship diversity).

**THE COURT** thus intending to (1) vacate the Order to Show Cause as moot, and (2) remand the action to state court for lack of subject-matter jurisdiction pursuant to Section 1447(c); and for good cause appearing, the Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
    **MARY L. COOPER**
    United States District Judge

Dated: April 20, 2009